Curia. 6th May, 1809,
Waties, J.,
delivered the opinion. The commissioners of the roads are not. a corporation. They have none of the incidental powers of a corporation. They derive their powers from the express grant of the legislature, for public purposes. The right of filling up vacancies is a power expressly granted to them. It is a power incident to a corporation. The right of removal is not given, and cannot be implied. If Douglas was improperly, or unconstitutionally, appointed to office, yet they could not legally refuse to admit him to exercise the powers and duties of it, or remove him from his seat at the board. But it does not appear to us that he was improperly, or unconstitutionally, appointed. There is no prohibitory article, or passage, in the constitution of the United States, or of this State, to disqualify, or disable an alien from holding and exercising the office of commissioner of the roads, or to restrain the legislature from conferring such an appointment on an alien ; yet, if none but citizens were competent to hold this office, we are now bound to say, that Mr. Douglas is competent, for he has been naturalized according to the laws of the United States, and was a citizen of the United States at the time of his expulsion; and naturalization has a retrospective operation to the time of a man’s birth.
Upon the whole, we are all clearly of opinion, that Mr. Douglas was illegally removed ; that the decision of the District Court was erroneous ; and that a peremptory mandamus should issue to restore him.
'Decision of the District Court reversed, and a peremptory mandamus ordered.